Caldwell, J.
Do the facts contained in the bill entitle the complainant to the aid of a court of chancery, to obtain the relief sought ? It is contended on the part of defendants that the application being made a jart of the policy, the represent *121 ationS there contained amount to a warranty; and that it mat ters not that the company, or their agent, might have known the true situation of the title; if the representations in the applica tion are untrue the policy is void. And that this is true although the assured may have informed the insurer, verbally, of the true .situation of the property. It is also said that such verbal representations cannot be given in evidence for the purpose of explaining or contradicting the written application; and that it matters not whether such variation from the truth in the application, be material to the risk or not. When there is no mistake on the part of the assured, and no misrepresentation is proved on the part of the insurer, these propositions are no doubt true. They are all decided in the case of Jennings v. The Chenango County Mutual Insurance Company, 2 Denio 75, to which counsel have called our attention. But these principles we think will not apply to the present case. Now if Harris in this instance had chosen to put down his property as unincumbered, when it was not, of his own free will, without any mistake on his part, or any inducement on the part of the company, or their agents, to do so, the policy would have been void, although the company were acquainted with the true situation of the property. But how is the case presented by the bill ? Harris applies to the agent of the company to effect an insurance on his mill; he tells him the true situation of his title ; the agent (the company having previously instructed him to that effect) informs him that he considers such property unincumbered ; he writes it down as such in the application, and hands it to Harris to sign, who signs it as it had been drawn up by the agent. The application is handed over to the company, who are informed of the situation of the title, and they afterwards treat the policy as valid, by making and collecting assessments on it.
The agent gave the terms to Harris, which (in accordance with the instructions of the company) he considered as properly describing the property to be insured, and because Harris adopted these terms, they claim that they are freed from all lia *122 bility on the contract. To sustain this claim of the company,, would be permitting them to commit a fraud on Harris.
Although verbal representations, made at the time the policy is effected, cannot be received to vary or contradict it, yet when a question of fraud or mistake «rises, such representations-become legitimate evidence to prove such fact; indeed they are generally the principal evidence in proving either of those facts.
The law is .very strict in requiring of the insured the utmost good faith as well as the greatest accuracy, in his written application. The insurer should be held to an equally strict account on his part, and when he misleads the insured, and causes him to fall short of making a valid representation, he should bear the loss occasioned by his own conduct.
And although we would not infer, from the facts stated in the bill, that the company or their agent intended to mislead or defraud the complainant; yet they have led him into a mistake, which would operate as a fraud on his rights if he were thereby deprived of the benefit intended by the policy. And the complainant being by such mistake deprived of his remedy at law, we think he has a right to resort to a court of chancery for relief.

The demurrer will be overruled.